KUHN, appellant, v. BROWN.

*Statute of frauds—when note or memorandum sufficient.*

Plaintiff being indebted to W. in the sum of $7,000, it was agreed between them that W. should take $2,000 in satisfaction thereof, provided A. would become surety for its payment. A. agreed orally to become such surety. Afterward an agreement in writing was executed by plaintiff and A., reciting that, whereas A. "has become and is security to the said W. for the pay-

ment of the said $2,000," therefore it was agreed that one L., who held a mortgage for $2,000 belonging to plaintiff, might retain said mortgage to secure said A. The mortgage in L.'s hands having been paid, plaintiff brought action to recover the proceeds. *Held*, that the agreement executed by plaintiff and A. was sufficient within the statute of frauds to charge A. as surety to W., and that plaintiff was not entitled to recover.

APPEAL from a judgment entered on a trial by the court without a jury.

The action was brought by George Kuhn against Warren G. Brown, Charles W. Alcott, Charles C. Wehrum and Alfred Lockwood, to recover from said Lockwood the sum of $2,000, which had been paid to him in discharge of a mortgage owned by the plaintiff.

The plaintiff being indebted to said Wehrum in the sum of $7,066, it was agreed between them in May, 1869, that Wehrum should take the sum of $2,000 in discharge of said indebtedness, provided the defendant Alcott would become surety for the payment of that sum. Alcott thereupon agreed verbally to become such surety, and an entry was made of the transaction in Alcott's books, but not in a form sufficient to bind Alcott.

On the 6th of August plaintiff assigned to defendant Lockwood a bond and mortgage for $20,000, and also as collateral security for the payment thereof, a bond and mortgage executed to plaintiff by William Kreitz for $2,000. An agreement was at the same time executed by plaintiff and Alcott, of which the following is a copy:

"Whereas, George Kuhn, of Mott Haven, Westchester county, New York, is indebted to Charles C. Wehrum, of the city of New York, in the sum of $2,000, payable on the 1st of May, 1870, without interest; and whereas, Charles W. Alcott has become and is security to the said Wehrum for the payment of the said $2,000 on the said 1st day of May, 1870; and whereas, the said Kuhn has assigned to Alfred Lockwood, of the city of Paris, France, a certain bond and mortgage made by William Kreitz to said Kuhn, to secure $2,000, said mortgage being recorded in the register's office of the city of New York, in liber 931 of mortgages, page 19, said assignment to said Lockwood being security to said Lockwood upon the assignment of a $20,000 bond and mortgage made by said Alcott to said Kuhn, and by said Kuhn to said Lockwood. Now, therefore, in consideration of one dollar, it is agreed that said Lockwood may hold said $2,000 mortgage, to secure said Alcott for his liability as

security as aforesaid, and for that purpose he may, after the payment of said $20,000 bond and mortgage, assign said $2,000 bond and mortgage to said Alcott, to secure him for being such security as aforesaid, or to indemnify or repay to him the amount which he may pay, as such security, on or after May 1, 1870, and said Alcott agrees to use his exertions to induce said Lockwood to surrender said $2,000 bond and mortgage, and accept other securities in the place of it whensoever said $2,000 bond and mortgage shall be paid, if paid before maturity, so that the said $2,000 may be paid to said Kuhn.

" GEORGE KUHN. [L. S.]

" C. W. ALCOTT." [L. S.]

In November, 1869, the Kreitz mortgage was paid to Lockwood, and this action was brought to recover the money. When the action was commenced there were nearly $10,000 due and unpaid on the mortgage sold to Lockwood, and at the time of the trial $400 was due thereon. This amount plaintiff tendered at the trial.

The case was tried by Mr. Justice BRADY, without a jury, who decided that Alcott was legally bound as surety for the payment of the $2,000 to Wehrum, and was entitled to have the proceeds of the mortgage applied in discharge of said obligation.*

---

*The following is the opinion of Mr. Justice BRADY at special term:

BRADY, J. The question presented in this case, although not free from difficulty, is, nevertheless, to be determined on general principles.

The statute of frauds requires that every special promise to answer for the debt, default or miscarriage of another person, shall be void unless some note or memorandum of the agreement be in writing and subscribed by the party to be charged, and the decisions which have been made declare that the agreement or memorandum, when made, shall be sufficiently explicit to show the obligation assumed, either by its own terms or other memoranda connected with it, and of which it is a part.

Prior to the substitution in our statute, of the word "subscribed" for the word "signed," the name of the promisor at any place upon the memorandum was held to be a compliance with its terms, but now the subscription must be at the foot of the agreement, which contains the engagement made. It has also been held, and the law has not been changed, that it is sufficient to meet the requirements of the statute, if the memorandum be signed by the party to be charged. These principles are so familiar, that it is not considered necessary to refer to the authorities.

In this case, after the parties had met, and the defendant, Alcott, had verbally assumed to pay the plaintiff's debt to Wehrum, a memorandum was made in Alcott's books of the transaction, which, as subsequent entries clearly show, was intended to express Alcott's liability to Wehrum. The original entry was made by Wehrum, under the direction and in the presence of Alcott, but in itself does not show that the latter undertook to pay the plaintiff's debt. It has no such import. If it had, the signature of Alcott, whether made by him or under his direction, appearing in connection with the memorandum, and in such relation to it as it does, might justly be held to be in conformity to the spirit of the statute, and therefore binding upon him.

*E. P. Cowles,* for appellant.

*Warren G. Brown,* for respondents.

DAVIS, P. J.   All allegations of fraud.or imposition on the appel-
lant in procuring the instrument of the 6th of August, 1869, hav-
ing been distinctly withdrawn during the trial (as appears at fol.,
202 of the case), that paper stood, as the court then remarked,
unimpugned and upon its legal effect.   It was upon this instrument
that the learned judge, at special term, predicated the defendant

The intention of the parties — the design of Alcott and Wehrum, in making the
entry which was supposed to be in conformity to the understanding of the plaintiff
and them — is apparent, and leaves no room for doubt.

Alcott still adheres to the agreement, and evidently considers himself bound to per-
form it.   The plaintiff, however, availing himself of the statute, insists that Alcott is
not bound by any promise or agreement which he gave ; that no memorandum in writ-
ing subscribed by him was made containing it, and that it is, therefore, utterly void.   If
this premise is well founded, the result is as claimed.   It appears, however, that after
the agreement was made, and the attempted record of it put in Alcott's books, the
plaintiff and he met, and the paper of the 6th of August, 1869, was executed by them.
This clearly recognizes the obligation assumed by Alcott for the plaintiff's benefit,
and is signed by both.   It recites that the plaintiff was indebted to Wehrum in the
sum of $2,000, payable on the 1st of May, 1870, without interest, and that Alcott had
become, and was security to Wehrum for the payment of the sum named, on the day
named, and then provides that the defendant Lockwood may hold a mortgage in his
hands, to secure Alcott for his liability as security to Wehrum, and may assign the
mortgage to Alcott, after it should be released from Lockwood's lien, arising from its
deposit with him by the plaintiff.   That paper refers undoubtedly to the verbal agree-
ment made between the parties (plaintiff, Alcott and Wehrum), that the latter would
accept $2,000 in full of his claim against the plaintiff, if secured by Alcott's engagement
to pay it in case the plaintiff did not.   It does not refer to the agreement, as such, but
to its effect, assuming it to be valid and binding.

In disposing of the question presented, therefore, I propose to predicate Alcott's
liability, entirely, of the paper of the 6th of August.   It is therein stated, as already
suggested, that Alcott had become, and was security for the payment of the sum of
$2,000, on the 1st of May, 1870, and it is provided that Lockwood may hold the mort-
gage referred to, to secure Alcott against his liability, as stated.   Does this paper,
signed by Alcott, sufficiently express his agreement with Wehrum ?   If it does, then,
being signed by the former, the party to be charged in favor of Wehrum, it is not
within the statute, and the promise is not void.   In my judgment, the agreement suf-
ficiently appears.   The plaintiff acknowledges that he was to pay Wehrum the sum
of $2,000 on the 1st May, 1870, and that Alcott was security for its payment on that day.

The duty imposed upon Alcott, indicated by the legal and ordinary acceptation of
the word " security," was to pay the debt named, in case the plaintiff failed to pay it
at the time designated, and thus, whether between themselves, as principal and surety,
or between them and Wehrum, the indebtedness and its time of payment were clearly
defined.   It is the written acknowledgment of the debt due, and the reiteration of
Alcott's agreement to pay it, in case the plaintiff omitted to do so.   The language of the
paper is, " has become and is security," and thus relate back to an agreement, the result
of which is not only in effect stated by the use of the word " security," but its terms
sufficiently given in detail.   Assuming the original agreement to be sufficient, this
recognition and repetition of it, recreate and give it vitality.   *Gale* v. *Nixon,* 6 Cow.
445; Roberts on Frauds, 121; *Webster* v. *Zielly,* 52 Barb. 482.

Alcott's liability, as surety for plaintiff, to the defendant Wehrum. The instrument recited that Alcott had become, and was, security for the payment of the sum of $2,000 to the defendant Wehrum, on the 1st of May, 1870, and provided that Lockwood should hold the mortgage of Kreitz as an indemnity to Alcott upon his liability as such. It was signed and sealed by both the principal and surety. This was, in our opinion, sufficient to take the promise of Alcott out of the operation of the statute of frauds. The reasons given by BRADY, J., in his opinion at special term, are quite satis-

---

The statute requires some note or memorandum, and it is not material whether the identical agreement be signed or not. If the note or memorandum appears in any form or paper containing the agreement, it is sufficient. The language of the statute is general. The note or memorandum is not limited in terms to one made between the creditor and promisor, nor does it demand that the note or memorandum shall be subscribed by both parties. It exacts only a note or memorandum of the agreement, subscribed by the party to be charged therewith.

The object of the statute, which was to prevent frauds perfected by false swearing, or, as stated by Senator Verplanck, in *Davis* v. *Shields*, 26 Wend. 354: "The prevention of frauds and perjuries, by substituting for the loose recollections of memory and the mutual danger of misconception of parties, a precise written agreement, or, at least, a distinct written memorandum of the contract," is accomplished, if, in any paper signed by the promisor, it shall appear that he made the agreement which is charged against him. His subscription makes it apparent that the claim has not been manufactured, to be sustained by perjury. Hence, we find the rule stated by Justice SUTHERLAND in *Gale* v. *Nixon*, 6 Cow. 448, to be, "It is not necessary that the identical agreement should be signed, but if it is acknowledged by any other instrument, duly signed, it is sufficient," and it rests, as already shown, on a good reason. The paper containing the note or memorandum in this case is an agreement between the debtor and promisor, relating to the debt, in which the creditor's name not only appears, but also the engagement made with him by the promisor, against which the latter sought, by that paper, to protect himself. These elements are controlling, and make it clear that the promise of Alcott was valid, and not within the statute of frauds.

The consideration of the promise is sufficient. The defendant Wehrum, having a claim of $7,000 against the plaintiff, agreed to take $2,000, if the defendant Alcott would become security. An agreement by a creditor to take less than the face of the demand, upon receiving security for the amount paid, is valid. Where, by the agreement to settle, there is a benefit, or even a legal possibility of benefit, to the creditor, the additional weight will turn the scale, and render the consideration sufficient. *Phillips* v. *Berger*, 2 Barb. 608.

Having arrived at these conclusions, it follows that the plaintiff cannot recover. The gravamen of his complaint is, that the promise of Alcott was not binding, and the agreement of the 6th August, therefore, void.

I have not considered it at all necessary to examine any other question than the one discussed, deeming it conclusive.

It is proper, however, to say that there is no evidence justifying the charge that the paper of the 6th August was obtained by fraud or deceit.

Inasmuch as the question presented is not free from difficulty, as already suggested, I think but one bill of costs should be awarded the defendants unitedly, all having appeared by the same attorney. I think, however, that a reasonable allowance in addition should be made, and its amount determined on the settlement of the decree to be entered herein.

*Ordered accordingly.*

factory to us on this point, and we adopt them as expressing what we deem to be the law.

The effect of the tender of the money due on the $2,000 mortgage is not material to be discussed in this case, so far as relates to the $20,000 mortgage, held as collateral. When the suit was commenced the Kreitz mortgage was properly held by Lockwood as collateral to the balance claimed to be unpaid on the $20,000 mortgage, but, as between the appellant and Alcott, the Kreitz mortgage was also held to secure Alcott on his obligations as surety for appellant's debt to Wehrum. The right and duty of Lockwood to still hold the Kreitz mortgage as assignee, for Alcott's benefit, under the instrument of 6th of August, would still remain after the extinguishment of the debt, to which he held it as collateral for his own benefit. Lockwood is not denying, but affirming, this liability, and thereby ratifying the act of his agent Brown in receiving the agreement clothing him with that power.

Alcott, who is also a defendant in the suit, makes no question whatever of the validity of his agreement to be security. How far, under such circumstances, the principal debtor, who has placed in his hands, or in the hands of a third person, collateral to indemnify him against such liability, can be permitted to raise the question, it is not necessary to determine. Upon the facts found by the judge, we are of opinion that his conclusion of law was sound, and that the judgment rendered thereupon should be affirmed.

DANIELS and WESTBROOK, JJ., concurred.

*Judgment affirmed.*